Dear Ms. Strange:
This office is in receipt of your recent opinion request where you ask us to consider if your executive director has violated the laws concerning dual officeholding. Specifically you ask the following:
 May the Executive Director of the Housing Authority of the City of Slidell also hold the elective office of Police Juror in Terrebonne Parish?
Your inquiry asks us to consider whether this situation violates the dual officeholding laws. The prohibitions that would possibly apply to the present situation are found in LSA-R.S.42:63D, the applicable portion being:
 "No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof."
In order to determine whether this section applies, the two positions in question must be defined. According to LSA-R.S.42:62, the following positions are defined as follows:
 (1) "`Elective office' means any position which is established by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, . . . which is filled by vote of citizens of this state or a political subdivision thereof."
 (2) "`Appointive office' means any office in any branch of government or . . . any executive office of any agency, board, commission, or department which is specifically established by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a government body composed of such officials of this state or of a political subdivision thereof."
The position of police juror of Terrebonne parish is one that is created by law, and is filled by the vote of citizens within the parish the police jury serves, so it is clearly an "elective office" as defined in § 62(1).
The position of Executive Director of the Slidell Housing Authority is an `appointive office' created by the laws of the state of Louisiana, namely LSA-R.S. 40:495C(1), which states:
 "The authority shall select a secretary who shall be the executive director and chief executive and administrative officer of the authority. He shall serve at the pleasure of the authority. The authority shall fix the compensation of the executive director."
LSA-R.S. 42:63(D) prohibits this individual from holding a full-time appointive office while holding at the same time an elective office. As previously mentioned, it is presumed that the Executive Director of the Housing Authority holds an `appointive office', so he will be prohibited from holding it while serving as a police juror if the Executive Director is a full-time position. LSA-R.S. 42:62 states:
 (4) "`Full time' means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work."
 (5) "`Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
In Attorney General Opinion 95-178, we found that the Executive Director of the Housing Authority of New Iberia was a full-time position for the purposes of dual office-holding. In contacting the Housing Authority in Slidell, this office was advised that the Executive Director's position is full time employment. Assuming this full time employment meets the qualifications of § 62(4), at least seven hours a day and thirty-five hours a week, the position of Executive Director is a full time appointive position. The Director therefore is prohibited in § 63D from also holding an elective office.
In conclusion, the Executive Director of the Housing Authority of Slidell, being a full time appointive office, is prohibited under dual office holding from simultaneously holding the elective office of police juror.
If this office can be of any further assistance to you, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
DATE RECEIVED: April 10, 1996 DATE RELEASED: June 3, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL